IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENJAMIN MARANZANO, on behalf of himself and all others similarly situated,<br>　　　　　Plaintiff,<br>　　v.<br>S-L DISTRIBUTION COMPANY, LLC,<br>　　　　　Defendant. | CIVIL ACTION<br><br>FIELD ELECTRONICALLY ON NOVEMBER 20, 2019<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT – CLASS ACTION**

Benjamin Maranzano ("Plaintiff") brings this class action lawsuit against S-L Distribution Company, Inc. ("Defendant") for violations of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. §§ 34:11-4.1, *et seq.*

## **JURISDICTION AND VENUE**

1.　Jurisdiction is proper under 28 U.S.C. § 1332.

2.　Venue is proper under 29 U.S.C. § 1391 because Defendant is headquartered in this judicial district and because the underlying Distributor Agreement requires that litigation occur in a federal or state court encompassing York County.

## **PARTIES**

3.　Plaintiff resides at 17 Bristol Road, Piscataway, NJ 08854.

4.　Defendant is headquartered at 1250 York Street, Hanover, PA

17331 (York County).

5.  Prior to around 2016, Defendant operated under the name S-L Distribution Company, Inc.

## FACTS

6.  Defendant, according to its website, "is a wholesale distributor of various snack food products manufactured by subsidiaries and affiliates of Snyder's-Lance, Inc."

7.  Throughout New Jersey, Defendant pays workers to deliver/distribute snack food products to retail stores and other customers within specific geographic areas referred to as "routes." Defendant requires these workers to form corporations as a condition of doing business with Defendant and refers to the workers as "IBOs." Such terminology will be used throughout this complaint.

8.  Plaintiff works for Defendant as an IBO and, in order to work for Defendant, he formed a corporation called "Benjamin Maranzano LLC" and headquartered at his home.

9.  Most of the products that Plaintiff and other New Jersey IBOs deliver/distribute are manufactured outside of New Jersey.

10. IBOs use vehicles to transport the products from Defendant's warehouses to the customers.

11. Defendant's company website states that "[t]he individual(s) who own the IBO entity must have a valid driver's license." The website further explains that "[a]n IBO is responsible for providing its own vehicle" and that "[c]ommon delivery vehicles used for this type of business are step vans, box trucks or trailers."

12. The work of Plaintiff and other IBOs falls squarely within Defendant's usual course of business. Indeed, Plaintiff and other IBO's are central to Defendant business as "a wholesale distributor of various snack food products."

13. Plaintiff and other IBO's are not engaged in independently established trades, occupations, professions, or businesses. Rather, IBO's generally work exclusively for Defendant and the associated corporate entities are formed and exist for the sole purpose of working for Defendant.

14. Each week, Defendant makes withholdings from the earnings of Plaintiff and other IBOs. These withholdings are itemized on weekly "settlement sheets" and include, *inter alia*, withholdings for route loan repayments, truck loan repayments, truck rental payments, and electronic equipment.

15. Each week, Defendant diverts the earnings of Plaintiff and other IBOs by requiring them to personally pay for work-related expenses such,

*inter alia*, gas expenses, vehicle maintenance/repair expenses, and insurance expenses.

16. Plaintiff estimates that, during the past 6 years, Defendant has subjected him to pay withholdings and diversions far exceeding $100,000.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action on behalf of himself and other individuals who, either individually or through a closely held corporation, performed work for Defendant or any of its related or predecessor companies (including, *inter alia*, S-L Distribution Company, Inc. and SL Routes, LLC) as an IBO in New Jersey within the past 6 years.

18. Class action treatment of this action appropriate because all of Federal Rule of Civil Procedure 23's class action requisites are satisfied. In particular:

(a) The class includes over 50 individuals, all of whom are readily ascertainable based on Defendant's records and are so numerous that joinder of all class members is impracticable.

(b) Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

(c) Plaintiff and his lawyers will fairly and adequately

represent the class members and their interests.

(d) Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common business policies and practices, as summarized herein. The legality of these practices will be determined through the application of generally applicable legal principles to common facts.

(e) Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I

19. All previous paragraphs are incorporated as though fully set forth herein.

20. Plaintiff and the class members are employees entitled to the NJWPL's protections.

21. Defendant is an employer required to pay Plaintiff and the class members in accordance with the NJWPL.

22. The NJWPL provides that "[n]o employer may withhold or divert any portion of an employee's wages." See N.J.S.A. §§ 34:11-4.4.

23. Defendant has violated the NJWPL by subjecting Plaintiff and other class members to various wage withholdings/diversions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief on behalf of himself and other class members: (A) class certification; (B) payments equaling the value of all improper wage withholdings/diversions; (C) all available penalties, liquidated damages, and prejudgment interest; (D) attorney's fees and litigation expenses; and (E) any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date:  November 20, 2019            Respectfully,

_/s/ Peter Winebrake_
Peter Winebrake, Esq.
R. Andrew Santillo, Esq.
Mark J. Gottesfeld, Esq.
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Harold L. Lichten, Esq.*
Matthew Thomson, Esq.*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA  02116
(617) 994-5800

Chad Hatmaker, Esq.*
J. Keith Coates, Esq.*
WOOLF, MCCLANE, BRIGHT, ALLEN
& CARPENTER, PLLC
Post Office Box 900
Knoxville, TN 37901
Phone: (865) 215-1000

*pro hac vice admission anticipated

*Attorneys for Plaintiff*