IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENJAMIN MARANZANO,<br>         Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>S-L DISTRIBUTION COMPANY, LLC,<br>         Defendant/Counterclaim Plaintiff. | :<br>:<br>:   1:19-cv-01997-JPW<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF'S UNOPPOSED MOTION FOR
"PRELIMINARY APPROVAL" OF THE CLASS
ACTION  SETTLEMENT AND OTHER RELATED RELIEF**

As reflected in the accompanying "Settlement Agreement and Release," see Doc. 116-1 ("Agreement"), the parties have agreed to settle this class and collective action lawsuit on behalf of Plaintiff Benjamin Maranzano ("Maranzano") and 82 other Class Members "who satisfy all of the following three criteria: (1) are or were a party to a Distributor Agreement with S-L; (2) owned and/or operated a route that included a retail customer in the State of New Jersey at any time between November 20, 2013 and October 20, 2021; and (3) who have not signed an Alternative Dispute Resolution agreement with S-L."  Doc. 116-1 at p. 5.[1]

---

[1] S-L maintains, among other things, that Maranzano's claims are without merit, he and others operated as bona fide independent contractors pursuant to their respective business entity(ies)'s Distributor Agreement(s) with S-L, they are not

The settlement requires S-L to make a maximum gross total payment up to $1,300,000 that, subject to this Court's approval of the terms of the settlement, will be allocated as follows:  (i)  a maximum of $760,667 will be allocated to Class Members based on each individual Class Member's proportional share of workweeks during the relevant time period; (ii) a $20,000 service award will be paid to Maranzano; (iii) $433,333 in attorney's fees and expenses will be paid to Plaintiffs' counsel; (iv) $11,000 will be paid to Settlement Services, Inc. ("SSI") to cover settlement administration expenses; and (v) $75,000 will be placed in a "reserve fund" to be utilized to resolve any disputes by Class Members who disagree with the number of workweeks utilized to determine their individual settlement allocation amounts.[2]  See Doc. 116-1 at ¶¶ 1.16, 1.25, 1.26, 2.2, 3.2.

Under the December 1, 2018 amendments to Federal Rule of Civil Procedure ("Civil Rule") 23, the Court "should direct notice in a reasonable manner" to all class members covered by a proposed settlement if the parties

---

owed any damages, and, in the event that the Court declines to grant this motion, reserves the right to argue that Maranzano's claims are inappropriate for class or collective treatment. Nevertheless, S-L does not oppose the relief sought in Maranzano's motion given the parties' mutual resolution of a bona fide dispute and the inherent risks and costs with continued litigation between the parties.

[2] If more than $20,000 of the reserve fund is unused, it will be redistributed on a pro rata basis to all Qualified Settlement Class Members on a pro rata basis.  See Doc. 116-1 at ¶ 1.25.  If $20,000 or less remains in the reserve fund after correcting any errors in the workweek calculation, the amount shall be donated to the Pennsylvania IOLTA Board as cy pres.  See id.  Under no circumstances will the reserve funds revert to S-L.

demonstrate that, at the post-notice final approval stage, the Court "will likely be able to" (i) give final approval of the settlement under the criteria described in Civil Rule 23(e)(2) and (ii) certify the settlement class. See Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii). As discussed in the accompanying brief, notice of the instant settlement should be issued to Class Members (*i.e.* the settlement should be "preliminarily approved") because both of these requirements are satisfied.

First of all, the Court "will likely be able to" give final approval to the settlement under Civil Rule 23(e)(2) because:

> (A) Maranzano and Plaintiffs' counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Secondly, the Court "will likely be able to" certify the settlement class because, as the Parties agree, for settlement purposes only, the putative settlement class satisfies Civil Rule 23(a)'s four requirements – numerosity, commonality,

typicality, and adequacy of representation and Civil Rule 23(b)(3)'s two additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." [3]

Furthermore, as explained in the accompanying brief, the proposed notice forms and protocols constitute "the best notice that is practicable" under the criteria described in Civil Rule 23(c)(2)(B).

Finally, the undersigned law firms are qualified to be appointed interim class counsel pursuant to Civil Rule 23(g)(3).

**WHEREFORE**, Maranzano respectfully requests that the Court grant this motion and enter the accompanying proposed order.

Date:  February 18, 2022        Respectfully,

*/s/ Mark J. Gottesfeld*
_____
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Michelle Tolodziecki
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211

---

[3] Plaintiff's Counsel will address in their motion for final approval of the settlement why the settlement is also fair under the Fair Labor Standards Act and why the Court should, under 29 U.S.C. § 216(b) certify, for settlement purposes only, the collective (which is the same group of individuals as the proposed Rule 23 class).

Dresher, PA 19025

Harold L. Lichten (*pro hac vice*)
Matthew Thomson (*pro hac vice*)
Zachary L. Rubin (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA  02116

*Proposed Class Counsel*