# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BENJAMIN MARANZANO, *on behalf of himself and all others similarly situated*,

    Plaintiff and Counterclaim-Defendant,

v.

S-L DISTRIBUTION COMPANY, LLC,

    Defendant and Counterclaimant.

S-L DISTRIBUTION COMPANY, LLC,

    Third-Party Complainant,

v.

BENJAMIN MARANZANO, LLC,

    Third-Party Defendant.

Case No. No. 1:19-cv-01997

Hon. Jennifer P. Wilson

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL

**AND NOW**, this ___ day of _____, 2022, upon consideration of Plaintiff's "Unopposed Motion for Preliminary Approval of the Class Action Settlement and Other Related Relief" ("Motion") (Doc. 116), the accompanying Settlement Agreement and Release ("Agreement") (Doc. 116-1), and the accompanying brief and declarations (Docs. 116-2, 116-3, and 117), and all other papers and proceedings herein, it is hereby **ORDERED** that:[1]

---

[1] Unless otherwise defined herein, all terms used in this Order (the "Order Granting Preliminary Approval") will have the same meaning as defined in the Agreement.

1. The Motion is GRANTED, and the settlement of this action is PRELIMINARILY APPROVED because it appears that, at the final approval stage, the Court "will likely be able to" approve the settlement under the criteria described in Federal Rule of Civil Procedure ("Rule") 23(e)(2) and certify the settlement under Rule 23(a) and (b)(3).[2]  *See* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii).

2. The Court further grants leave for Plaintiff to file his Second Amended Class and Collective Action Complaint, which was attached as Exhibit F to the Agreement.  S-L shall not be required to answer or respond to the Second Amended Class and Collective Action Complaint, which is filed to effectuate this settlement, and shall have all defenses preserved.

3. The Court appoints Winebrake & Santillo LLC, and Lichten & Liss-Riordan, P.C. as interim class counsel because they meet all of the requirements under Federal Rule of Civil Procedure 23(g).

**Notice**

4. The "Notice of Proposed Settlement" form ("Notice Form") attached to the Agreement as Exhibit A and the notice protocols described in paragraph 2.5 of

---

[2] The proposed class, for settlement purposes only, is defined as all individuals "who satisfy all of the following three criteria: (1) are or were a party to a Distributor Agreement with S-L; (2) owned and/or operated a route that included a retail customer in the State of New Jersey at any time between November 20, 2013 and October 20, 2021; and (3) who have not signed an Alternative Dispute Resolution agreement with S-L."

the Agreement are approved pursuant to Rule 23(c)(2)(B). The Claims Administrator is authorized to mail this document, after it is updated with the appropriate dates and deadlines consistent with the Agreement, to the applicable Settlement Class Members as provided in the Agreement.

5. Any Opt-Out Statement or written objection to the settlement by a Settlement Class Member who has not opted-out, must be sent to the Claims Administrator and postmarked or emailed no later than forty (40) days after the Notice of Proposed Settlement is mailed to the Settlement Class Members. The Claims Administrator will provide any such Opt-Out Statements or written objections to Class Counsel for filing with the motion for final approval of settlement.

**Non-Waiver of ADR and Arbitration Agreements**

6. By entering into this settlement, S-L shall not be deemed to have waived their right to enforce any arbitration agreements, alternative dispute resolution agreements, or any class, collective, or representative action waivers contained in any such agreements.

**Class Settlement Procedure**

7. The Court hereby adopts the settlement approval process as set forth in the Agreement.

8.  In the event that the Effective Date, as defined in the Agreement, does not occur, the Settlement, the Agreement, and this Order shall be deemed null and void and shall have no effect whatsoever, other than the non-disclosure provisions in Section 3.12, and the non-admission provisions in Section 3.11 of the Agreement, which shall remain in effect.  In such case, nothing in the Agreement or this Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class or collective action certification is or may be appropriate in this Action or any other matter.

9.  Pending the Court's decision on final approval of the Settlement and entry of the Court's Final Order and Judgment, Named Plaintiff and all Settlement Class Members and anyone acting on behalf of any Settlement Class Member shall be barred and enjoined from:  (a) further litigation in this Action; (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue, or participate on an individual, class action, or collective action basis in any other action, claim, or proceeding against S-L in any forum in which any of the claims subject to the Settlement are asserted, or which in any way would prevent any such claims from being extinguished; or (c) seeking, whether on a conditional basis or not, certification of a class or collective action that involves any such claims.  The Parties are ordered to carry out the Settlement according to the terms of the Agreement.

10. Pursuant to Rule 23(e)(2), the Court will conduct a Fairness Hearing on _____, 2022 at _____ a.m./p.m. in Courtroom ___ of the United States Courthouse, 228 Walnut Street, Harrisburg, PA 17108, for the purposes of *inter alia*: (a) determining whether the settlement warrants final approval under Rule 23(e)(2)[3]; (b) determining whether the attorneys' fees and costs to Class Counsel should be approved under Rule 23(h) and whether the Service Award to Named Plaintiff should be approved; (c) hearing any timely and properly filed objections; and (d) entering the Final Order and Judgment. The Fairness Hearing may be continued without further notice to Settlement Class Members.

11. Plaintiff shall file his unopposed motion for final approval of the Settlement on or before seven (7) days prior to the Fairness Hearing.

_____
Jennifer P. Wilson
Judge of the United States District Court
Middle District of Pennsylvania

---

[3] In addition, at the Fairness Hearing, the Court will also determine: (i) whether the 83 Class Members, who are releasing claims under the Fair Labor Standards Act ("FLSA"), are "similarly situated" for settlement purposes only under 29 U.S.C. § 216(b) of the FLSA pursuant to the three factors set forth in *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527 (3d Cir. 2012); and (ii) whether the settlement of their FLSA claims should be approved. *See generally Skaggs v. Gabriel Brothers*, 2021 U.S. Dist. LEXIS 101044 (M.D. Pa. May 28, 2021).